IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RENEE L. COATS,

Defendant.

4:19-CR-3049

MEMORANDUM AND ORDER

This matter is before the court on Defendant Renee L. Coats' objection (filing 26) to the Plaintiff United States of America's notice of intent to introduce evidence under Fed. R. Evid. 404(b)(2) (filing 23). Coats requested a hearing on the objection, which was held on October 17, 2019, after which the parties submitted briefing. Having reviewed the evidence and the parties briefs, the Court will overrule Coats' objection (filing 26) at this time.

## I. BACKGROUND

Coats is charged with three counts of theft by a United States Postal Employee in violation of 18 U.S.C. § 1709 and three counts of opening/detaining/destroying mail matter by a United States Postal Employee in violation of 18 U.S.C. § 1703(a), allegedly occurring on September 20, 2018, October 3, 2018 and October 18, 2018. Filing 20. In each instance Coats opened a test piece of mail put in her deliverables by case agents that contained money or a gift card. Filing 24 at 1. Coats then put the money or gift card into her wallet or pocket. Filing 24 at 2. The government proposes to introduce prior acts evidence under Rule 404(b)(2) against Coats to prove motive, opportunity,

intent, preparation, plan, knowledge, identity, and absence of mistake. Filing 23 at 2.

Specifically, the government proposes to introduce evidence that two other test pieces were placed in Coats' deliverable mail on August 29, 2018 and September 6, 2018 that contained gift cards and that on both occasions Coats opened the mail and put the gift cards in her pocket or wallet.[1] Filing 24 at 2. Additionally, one final "live integrity piece" was placed in Coats' deliverable mail on October 18, 2018 which contained a $10 bill and a beacon that alerted law enforcement when the letter was opened, and allowed agents to locate Coats and make an arrest. Filing 24 at 2. Upon arrest, the agents searched Coats' purse and found five other pieces of mail addressed to area businesses and individuals that were rebate cards with Menards store credit value. Filing 23 at 1-2; filing 37 at 1-2. The government also intends to introduce evidence regarding the rebate cards at trial. Filing 23 at 2.

Coats does not dispute the government's allegations of her conduct in this case. In other words, she concedes that she did open the mail items and put the gift cards, cash and rebate cards in her purse, wallet, or pocket. Filing 36 at 1. However, Coats objects to the evidence of the Menards rebate cards being introduced and argues that it is not sufficiently similar to the alleged offense in this case to be admissible under Rule 404(b)(2) and that the probative value of the evidence is outweighed by the prejudicial effect and confusion of the issues and should be excluded under Fed. R. Evid. 403. Filing 26 at 1.

---

[1] The government has elected not to charge Coats for these two instances. Filing 23 at 1.

## II. DISCUSSION

Evidence of prior bad acts is not admissible to prove a defendant's propensity for criminal behavior. Rule 404(b). Prior acts evidence may be admissible, however, for a purpose other than propensity such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2); *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013). Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition. *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995). To be admissible under 404(b), evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect. *Gant*, 721 F.3d at 509; *Shoffner*, 71 F.3d at 1432.

The prior acts evidence is relevant to at least one material issue. First, intent is an essential element of the crime of theft of mail by a United States Postal Employee. § 1709; *United States v. First*, 600 F.2d 170, 171 (8th Cir. 1979). The government carries the burden of proving that element, and therefore evidence of intent goes to a material issue and may be offered in the government's case in chief. *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987). Second, Coats' defense in this case rests, at least in part, on her contentious personal history with the alleged victim in this case and Coats' supposed knowledge that the victim no longer lived at the address where the test pieces of mail were to be delivered. Filing 36 at 4. If that is in fact Coats' defense at trial, then the evidence proffered by the government would be highly probative of motive, intent, plan, knowledge, absence of mistake and lack of accident because Coats does not seem to be claiming she had similar relationships with the addressees of the Menards rebate cards. *See* filing 36.

Coats would be specifically disputing that she intended to steal items of value from the mail she was supposed to deliver, or alternatively that it was an accident or mistake, and thus the proposed prior acts evidence would be highly relevant. *See* Fed. R. Evid. 401 & 402.

Furthermore, the proposed evidence is similar in kind and not too remote in time from the crimes charged. All of the evidence to be introduced by the government regards mail that Coats was supposed to deliver, but did not. Furthermore, all of the test mail pieces were opened by Coats between August 29, 2018 and October 18, 2018 and the Menards rebates were found in Coats' purse on October 18, 2018. Thus, all of the prior acts and the charged acts occurred within a less than two month period and are certainly not too remote to be irrelevant or inadmissible to prove Coats' motive, intent, plan, knowledge, absence of mistake and lack of accident. *See United States v. Tyerman*, 701 F.3d 552, 563 (8th Cir. 2012) (holding that acts within a six month period were not too remote).

The prior acts are supported by sufficient evidence. Coats does not dispute that the Menards cards were found in her purse and were addressed to various businesses and individuals on her mail route. Filing 36 at 1. Furthermore, Coats' opening of several test pieces was caught on video. Filing 36 at 3. The Court concludes that such evidence would be sufficient to show Coats' motive, intent, plan, knowledge, absence of mistake and lack of accident in stealing items of value from her deliverable mail. *See Burkett*, 821 F.2d at 1309.

Finally, while this evidence may be prejudicial to the defendant, its prejudicial effect does not outweigh its probative value. As explained above, if Coats intends to dispute her motive, intent, plan, knowledge, absence of mistake and lack of accident in opening the test mail pieces addressed to the

alleged victim in this case, the evidence of prior acts is highly probative and would outweigh any prejudicial effect. Furthermore, while damaging evidence is always prejudicial; the question is whether it is *unfairly* prejudicial. Rule 403; *Tyerman*, 701 F.3d at 563. The government does not propose to use this evidence "solely to prove the defendant's propensity to commit criminal acts," and appeal to the jury's emotions. *See United States v. Yielding*, 657 F.3d 688, 701-02 (8th Cir. 2011). So, the Court does not deem this evidence to be unfairly prejudicial given its clear relevance to the disputed issues.

IT IS ORDERED:

1.   Coats' objection (filing 26) to the government's notice to introduce evidence pursuant to Rule 404(b)(2) is overruled.

2.   The United States may offer the proposed evidence as outlined in its notice (filing 23), either in its case in chief, or in rebuttal.

3.   If such evidence is offered, the Court will, if requested, provide a limiting instruction to the jurors.

Dated this 25th day of November, 2019

BY THE COURT:

John M. Gerrard
Chief United States District Judge